IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACINTO ARREDONDO and
MARISELA OLIVAS,

        Plaintiffs,

v.                                                                          CIV 03-0156 KBM/LCS

NAOMI LOCKLEAR, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion For Summary Judgment (*Doc. 39)* filed by Defendants Rudy Array ("Arrey") and Mike Pitts ("Pitts"). Plaintiffs seek damages under 42 U.S.C. § 1983 for alleged violations of rights arising under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Defendants Arrey and Pitts contend that Plaintiffs failed to bring suit against them within the applicable three-year statute of limitations. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. Having carefully reviewed the parties submissions and relevant authorities, I find the motion not well taken and it will be denied.

**I. Summary Judgment Standard**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a

light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury.  *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.". . .   Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## II.  Material Undisputed Facts

Detective Arrey and Officer Pitts were employed by the Artesia Police Department during the relevant time periods.  On February 20, 2001, Arrey received a call from a social worker employed by Children, Youth and Families Department of the State of New Mexico ("CYFD") requesting assistance in investigating a report from Artesia General Hospital of suspected child abuse.  Based upon that investigation, and acting in his official capacity, Arrey and the social worker entered Plaintiffs' home and took custody of their ten month old child, Jasmine Arredondo.

Because he had to leave town for training, Arrey asked Pitts to assist CYFD in that investigation.  Pitts, acting in his official capacity, accompanied the social worker to the elementary school where Plaintiffs' other daughter, Ashley Arredondo, was located. They took Ashley into state custody as well.

### III.  Procedural Posture

On February 3, 2003, Plaintiffs filed a *pro se* Section 1983 complaint against CYFD but failed to identify Arrey or Pitts by name, deed, description of actions or as defendants.  I dismissed the complaint as barred by the State's Eleventh Amendment immunity.  Plaintiffs were given an opportunity to amend, however.

Again *pro se*, Plaintiffs filed a First Amended Complaint on April 30, 2003.  Although CYFD was the only named defendant, other individuals including Arrey and Pitts were described by name and action in the narrative allegations.  In my Order to Show Cause filed May 5, 2003,  I recognized Plaintiffs' attempt to hold identifiable people liable in their personal capacity under §1983.  Because CYFD was the only defendant named in the caption, however, the first amended complaint was again dismissed because of Eleventh Amendment immunity.  Plaintiffs were given yet another chance to amend to state a viable claim.

On May 23, 2003, Plaintiffs filed their Second Amended Complaint *pro se*, this time specifically adding Naomi Locklear as a named defendant but failing to mention Arrey or Pitts by name or deed.  Almost six months later, Attorney Michael Newell entered his appearance on behalf of Plaintiffs.  On January 29, 2004, counsel for Plaintiffs filed a motion for leave to file a third amended complaint to add Arrey and Pitts as defendants.

At a hearing on the motion held  March 3, 2004, I granted the motion with the understanding that paragraphs 23-24 of the amended pleading would constitute only factual allegations that do not create a new claim and that no further amendments would be allowed.  *See Doc. 34*.  I also ordered Plaintiffs to correct the title to the proffered third amended complaint, file it and effectuate service expeditiously.  The Plaintiffs filed the Third Amended Complaint just two

3

days later and apparently promptly served the new defendants.

### IV.  Analysis

Clearly the cause of action against Arrey and Pitts accrued in late February of 2001. Defendants assert that because the Third Amended Complaint adding Defendants Arrey and Pitts was ***filed*** in March 2004 after the running of the three-year statute of limitations, they are entitled to summary judgment in their favor.  Simply put, Defendants contend that under the dictates of Rule 3 which governs the commencement of an action, Plaintiffs were too late.  *See*  FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Plaintiffs correctly note, however, that "[w]hen a plaintiff seeks to add a new defendant in an existing action, the ***date of the filing of the motion to amend*** constitutes the date the action was commenced for statute of limitation purposes." *Derdiarian v. Futterman Corp*, 36 F.R.D. 192,  194 (S.D.N.Y. 1964) (cited with approval in *Northwestern Nat. Ins. Co. of Milwaukee, Wis. v. Alberts*, 769 F. Supp. 498, 510 (S.D.N.Y. 1991)); *see also Rothman v. Gregor*, 220 F.3d 81, 91 (2nd Cir. 2000).  Although the Tenth Circuit has not yet addressed the issue, several district courts within the Tenth Circuit have made that same determination.  As articulated by one such court, "To hold otherwise would punish plaintiff and other similarly situated plaintiffs for the court's unavoidable delay in issuing an order granting leave to amend a complaint." *Wallace v. Sherman Williams Company, Inc.*, 720 F. Supp. 158 (D. Kan. 1998).

Wherefore,

**IT IS HEREBY ORDERED** that Defendants Arrey and Pitts' Motion For Summary Judgment (*Doc. 39)* is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE

4